**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

**FILED**

**April 30, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| BILL GREENE, ET AL., | ) C/A NO. 03A01-9710-PH-00487 |
| | ) |
| Plaintiffs-Appellants, | ) HAMBLEN CHANCERY |
| | ) |
| v. | ) HON. THOMAS R. FRIERSON, II, |
| | ) CHANCELLOR |
| ROBERT TODD EVANS, ET AL., | ) |
| | ) AFFIRMED AND |
| Defendants-Appellees. | ) REMANDED |

CLINTON R. ANDERSON, Morristown, for Plaintiffs-Appellants.

J. GREGORY BOWMAN, ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, P.C., Greeneville, for Defendants-Appellees.

**O P I N I O N**

Franks, J.

In this dispute over the construction of a house, plaintiff builders sued defendant landowners, alleging that owners had not paid the full consideration as contracted, and defendants filed a counterclaim, asserting that plaintiffs had breached the contract by failing to complete the construction as required by the terms of the contract.

The Trial Judge, after hearing the evidence, filed a memorandum

opinion finding, *inter alia*, that plaintiffs had not completed the contract as agreed, and entered a set-off against their claim resulting in a judgment of $465.36 in favor of the plaintiffs. The plaintiffs have appealed.

The Chancellor filed a good memorandum opinion and we adopt from that opinion, as pertinent:

> The Defendants, Robert Todd Evans, S.J. Evans, and Kay C. Evans, purchased Lot 1 of the Helms property located in Hamblen county, Tennessee by warranty deed dated December 20, 1994, and recorded in Warranty Deed Book 420, page 183, in the Register's Office for Hamblen County, Tennessee, Trial Exhibit 6. By instrument dated December 22, 1994, Plaintiffs Greene and Epps proposed to furnish materials and labor necessary for the completion of a 40' x 28' office and living quarters structure on the above referenced real estate. Defendant S.J. Evans accepted said proposal in writing, authorizing the performance of said construction. The consideration agreed to be paid for the construction included $32,500.00 in cash, transfer of lot 31 in Dover subdivision, and transfer of all equipment and lights for the Bat Attack operation formerly conducted on the premises and certain furniture, including a pool table, occasional tables and lamps, Trial Exhibit 1. The construction was to be performed according to plans submitted to Defendant S.J. Evans.

> A copy of plans and specifications dated January 4th, 1995, showing a 40' x 28' structure was introduced as Trial Exhibit 2. Separate plans prepared by Gary L. K. Best, architect, dated March 16, 1995, was introduced as Trial Exhibit 7. These plans depicted a structure 42' x 28', incorporating no garage. Another set of plans prepared by Gary L. K. Best, architect, also dated March 16, 1995, was introduced as Trial Exhibit 10. These plans depicted a structure 60' x 28', incorporating a garage. Construction of the building was begun by Plaintiffs in March of 1995. Plaintiffs assert that all improvements were finished in accordance with the contract of June 22, 1995.

> Plaintiffs allege that construction of the garage involved a major change as requested by Defendants subsequent to the execution of the acceptance of the Proposal above referenced. According to Plaintiffs, this change order resulted in a modification in the consideration to be tendered by Defendants. Specifically, Plaintiffs claim that by virtue of said garage addition, Defendants agreed to pay $32,500.00 cash, substitute a mobile home for the lot in Dover subdivision and convey title thereto, tender the above referenced furniture and Bat Attack equipment as well as convey title to a $2,000.00 storage trailer. No writing exists evidencing this change in the scope of construction or increase in consideration to be paid. A copy of a receipt dated May 1,

2

1995, showing the total cash owed as $32,500.00 was introduced as Trial Exhibit 9. Plaintiffs seek payment of $16,082.00 due and owing on the contract. Defendants assert that the construction of the garage was contemplated by all parties from the beginning and that all consideration as required by any contract has been paid. Defendants further assert that due to deficient and uncompleted construction, Defendants are entitled to recover certain damages from Plaintiffs.

The issues raised in this litigation include (1) whether a contract was entered between the parties regarding the construction of certain improvements on property of Defendants, (2) if a valid and binding contract was entered, what were its terms including the consideration to be paid, (3) at what point was the construction of the garage contemplated in connection with said contract, (4) have the Defendants discharged their obligation in full to Plaintiffs relative to said construction and (5) are Defendants entitled to recover any damages from Plaintiffs in connection with the construction.

. . .

Considering the testimony of witnesses and evidence presented in this case, the Court specifically finds that the Proposal introduced as Trial Exhibit 1 constituted an offer and acceptance supported by valuable consideration thereby creating a valid, binding and enforceable contract between the parties. *American Lead Pencil Company v. Nashville C. & St. L. Ry.*, 134 S.W. 613 (1911). By its terms, the contract was for the construction of 40' x 28' office and living quarters building in return for the consideration recited therein. The Court further finds that prior to the commencement of the construction, the parties agreed to add an adjoining garage, approximately 18' x 28', more particularly shown by plans introduced as Trial Exhibit 10. An alteration or amendment to an existing contract must be supported by consideration, *Dunlop Tire and Rubber company v. Service Merchandise Company, Inc.*, 667 S.W.2d 754 (1983). In order for mutual promises of parties to furnish consideration necessary to support modifying agreement, it must contemplate assumption of additional burdens by both parties, *Tampa electric Company v. Nashville Coal Company*, 214 Fed. Supp. 647 (1963). The Court finds that a valid and enforceable modification of the original contract was accomplished in this case. In connection with this requested change, the parties agreed to additional consideration, including $32,500.00 in cash, transfer by defendants to Plaintiffs of the 14x60 Horton-Summit mobile home in lieu of the lot in Dover subdivision, and conveyance of certain furniture, Bat Attack equipment and a $2,000.00 storage trailer. Thought the parties now dispute the value of said mobile home at the time of the modification of the amended contract, the Court finds that the value of said mobile home should be established at $13,500.00, . . .

The evidence presented establishes a finding that Defendants

3

paid Plaintiffs $42,500.00 in cash, and conveyed title to the Bat Attack equipment, furniture and the storage trailer. As Defendants paid an additional $10,000.00 to Plaintiffs but did not convey title to the subject mobile home, Plaintiffs are entitled to recover from Defendants under the contract the amount of $3,500.00. As a set off against this amount, Defendants claim that they are entitled to recover certain expenses they incurred due to Plaintiffs' failure to complete the construction in a workmanlike manner, *see* Trial Exhibit 17. The Court determines that Defendants are entitled to recover from Plaintiffs $612.64 for the purchase of additional rock, $300.00 for rental of a portable toilet, $200.00 for wiring and installation of the stove and range hood, $1,772.00 for preparation of interior walls and $150.00 for wiring of the hot water heater. Defendants accordingly are entitled to a set off in the total amount of $3,034.64.

The plaintiffs' issue on appeal is essentially that "the Trial Court erred in its finding of fact".

In this non-jury case our review is *de novo* upon the record, with a presumption that the Trial Judge's findings are correct, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d). *See also*, *Hass v. Knighton,* 676 S.W.2d 554, 555 (Tenn. App. 1983).

The Trial Judge's assessment of the witnesses' credibility is entitled to great weight in this Court. *Tennessee Valley KAO, Inc. V. Perry*, 526 S.W.2d 488, 490 (Tenn. App. 1974). Plaintiff Bill Greene was the only witness testifying for plaintiffs, and plaintiffs assert that all of the evidence preponderates in favor of Greene's testimony. The evidence is sharply disputed as to the extent and value of certain of the considerations paid under the contract. There are discrepancies in plaintiff Greene's testimony, as well as defendant's S.J. Evans. However, a receipt signed by plaintiff Greene as to the consideration to be paid after the modification, tends to corroborate defendant's position. Taking into account defendants' testimony, the exhibits and plaintiff's admission that certain portions of the contract were not completed as well as the Trial Court's assessment of the witnesses' credibility, we

4

cannot say the evidence preponderates against the findings of the Chancellor.

Accordingly, we affirm the judgment of the Trial Court.

The cause is remanded with cost of the appeal assessed to appellants.

_____

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.